An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SAN ANTONIO MANAGEMENT, LLC, A NEVADA LIMITED LIABILITY COMPANY; TRIPLE L. MANAGEMENT, LLC, A NEVADA LIMITED LIABILITY COMPANY; VTLM TEXAS, LP, A TEXAS LIMITED PARTNERSHIP; TOM LOZZI, AN INDIVIDUAL; AND ROBERT LOZZI, AN INDIVIDUAL,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ELIZABETH GOFF GONZALEZ, DISTRICT JUDGE,
Respondents,
  and
VERANO LAND GROUP, LP, A NEVADA LIMITED PARTNERSHIP,
Real Party in Interest.

No. 61140

FILED

FEB 0 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION

This is an original petition for a writ of mandamus or prohibition challenging a district court order denying a motion to dismiss based on a forum selection clause.

Petitioners San Antonio Management, LLC; Triple L. Management, LLC; VTLM Texas, LP: Tom Lozzi: and Robert Lozzi (collectively, petitioners) were involved in a master-planned real estate development project in San Antonio, Texas. Petitioners formed real party in interest Verano Land Group, LP in June 2007 to administer the project.

13-03792

Verano's original partnership agreement included a Texas forum selection clause and a clause allowing for amendment by a supermajority. In late 2010, a supermajority of Verano's shares in interest removed San Antonio Management as the general manager, thereby removing petitioners from control of the limited partnership. Then, in September 2011, a supermajority of Verano's shares amended its forum selection from Texas to Nevada and subsequently converted Verano from a Texas limited partnership to a Nevada limited partnership.

Thereafter, Verano filed a complaint in a Nevada district court against petitioners alleging breach of contract, breach of fiduciary duties, and tortious interference, among other claims for relief. Petitioners filed a motion to dismiss, asserting that Texas was the proper forum for the action. The district court denied petitioners' motion, finding that the controlling forum selection clause was contained in the September 2011 amended partnership agreement.[1] This petition followed.

Petitioners contend that the district court erred in enforcing the Nevada forum selection clause contained in the September 2011 amended partnership agreement. They argue that the Nevada forum selection clause cannot apply to a general partner who was ousted before the forum was altered. Instead, petitioners claim that the Texas forum selection clause from the June 2007 partnership agreement governs the dispute.

---

[1]The parties are familiar with the facts and we do not recount them further except as is necessary for our disposition.

We have recognized the freedom parties have in drafting partnership agreements that contain forum selection clauses when they are entered into freely and voluntarily. See Tuxedo International Inc. v. Rosenberg, 127 Nev. ___, ___, 251 P.3d 690, 697 (2011); Tandy Computer Leasing v. Terina's Pizza, Inc., 105 Nev. 841, 843, 784 P.2d 7, 8 (1989); see also The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972) ("The threshold question is whether that court should have exercised its jurisdiction to do more than give effect to the legitimate expectations of the parties, manifested in their freely negotiated agreement, by specifically enforcing the forum clause."). We will enforce agreements as written when the terms are "clear, unambiguous, and complete." Ringle v. Bruton, 120 Nev. 82, 93, 86 P.3d 1032, 1039 (2004).

Here, the plain language of Verano's partnership agreements indicates that petitioners accepted the potentiality for modifications to the forum selection clause when they accepted the June 2007 partnership agreement. See TradeComet.com LLC v. Google, Inc., 693 F. Supp. 2d 370, 375-76 (S.D.N.Y. 2010) (A party is contractually obligated to the amendments in a new agreement when it accepts the terms in an original agreement that calls for modification). Petitioners cannot subsequently complain as they elected to join a limited partnership that embraced a modification clause. See Day v. Sidley & Austin, 394 F. Supp. 986, 993

(D. D.C. 1975) (consent of an ousted partner is not required when a partnership agreement requires only majority consent). Therefore, we conclude that Nevada is the proper forum for this action.[2]

Having considered the petition, we conclude that extraordinary relief is not warranted and we

ORDER the petition DENIED.

_____, C.J.
Pickering

_____, J.
Hardesty

_____, J.
Cherry


cc:    Hon. Elizabeth Goff Gonzalez, District Judge
       Hutchison & Steffen, LLC
       Kemp, Jones & Coulthard, LLP
       Sklar Williams LLP
       Eighth District Court Clerk

_____

[2]We conclude that all other arguments presented in this petition lack merit.